tlf 09/05/2024

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| UNITED STATES OF AMERICA, | * |
| Plaintiff, | * |
| | * CIVIL NO. 24-CV-2596 |
| v. | * |
| $200,159.82 in Funds held in Bank United Account #9856119377 in the name of UT Towson, LLC dba Universal Title, Towson, | * |
| Defendant | * |

\*\*\*\*\*\*\*

## VERIFIED COMPLAINT FOR FORFEITURE *IN REM*

Plaintiff, the United States of America, by its attorneys, Erek L. Barron, United States Attorney for the District of Maryland, and Alexander Levin, Assistant United States Attorney, brings this verified complaint for forfeiture in a civil action *in rem* and alleges as follows in accordance with Supplemental Rule G(2) of the Federal Rules of Civil Procedure:

### Nature of the Action

1. This is a civil forfeiture action *in rem* against $200,159.82 in funds held in Bank United Account #9856119377 in the name of UT Towson, LLC dba Universal Title, Towson that is involved in a transaction or attempted transaction in violation of federal money laundering statute 18 U.S.C. § 1956, or property traceable to such property, and therefore should be forfeited to the United States pursuant to 18 U.S.C. § 981(a)(1)(A).

### The Defendant *In Rem*

2. The defendant property consists of $200,159.82 in funds held in Bank United Account #9856119377 in the name of UT Towson, LLC dba Universal Title, Towson (the "Defendant Property"), seized pursuant to a federal seizure warrant on March 11, 2024. The

Defendant Property constitutes proceeds from the March 11, 2024 sale of the real property located at 1709 E. 33rd Street, Baltimore, Maryland which was purchased and improved using laundered drug trafficking proceeds.

3. The Defendant Property is presently in the custody of the United States Marshals Service in the State of Maryland (Asset ID: 24-DEA-711311).

4. The United States brings this action *in rem* in its own right to forfeit all right, title and interest in the Defendant Property.

5. This forfeiture is based on, but not limited to, the evidence outlined in the attached Declaration of United States Drug Enforcement Administration Special Agent Erica Maine, which is incorporated herein by reference.

## Jurisdiction and Venue

6. This Court has jurisdiction over an action commenced by the United States under 28 U.S.C. § 1345, over an action for forfeiture under 28 U.S.C. § 1355(a), and over this particular action under 18 U.S.C. § 981(a)(1)(A).

7. This Court has *in rem* jurisdiction over the Defendant Property under 28 U.S.C. § 1355(b). Upon the filing of this complaint, the plaintiff requests the Court issue an arrest warrant *in rem* pursuant to Supplemental Rule G(3)(b), which the plaintiff will execute upon the Defendant Property pursuant to 28 U.S.C. § 1355(d) and Supplemental Rule G(3)(c).

8. Venue is proper in this district pursuant to 28 U.S.C. § 1395 because the Defendant Property is located in this district.

**Legal Basis for Forfeiture**

9. Title 18, United States Code, Section 981(a)(1)(A) subjects to forfeiture "[a]ny property, real or personal, involved in a transaction or attempted transaction in violation of section 1956, 1957 or 1960 of this title, or any property traceable to such property."

10. Title 18, United States Code, Section 1956(a)(1)(B)(i) makes it unlawful for a person,

> knowing that the property involved in a financial transaction represents the proceeds of some form of unlawful activity, [to] conduct[] or attempt[] to conduct such a financial transaction which in fact involves the proceeds of specified unlawful activity . . . knowing that the transaction is designed in whole or in part to conceal or disguise the nature, the location, the source, the ownership, or the control of the proceeds of specified unlawful activity.

11. Title 18, United States Code, Section 1956(c)(7)(A) defines "specified unlawful activity" to include "any act or activity constituting an offense listed in section 1961(1) of this title," and Title 18, United States Code, Section 1961(1)(E) lists "the felonious manufacture, importation, receiving, concealment, buying, selling, or otherwise dealing in a controlled substance" as such an offense.

12. Title 18, United States Code, Section 1957 makes it unlawful for a person to "knowingly engage[] or attempt[] to engage in a monetary transaction in criminally derived property of a value greater than $10,000" where the property is derived from specified unlawful activity, as defined above.

13. In cases involving real property, the property is deemed to be "involved in" money laundering transactions when the property is "purchased with or improved by the expenditure of laundered funds." *United States v. Miller*, 911 F.3d 229, 233 (4th Cir. 2018); *see also United States v. Marsh*, 105 F.3d 927, 932 (4th Cir. 1997) (affirming the forfeiture of a strip mall that had been "purchased with proceeds of drug dealing" and had also been "involved in money laundering"

3

because laundered funds were used to pay for construction costs).  A property involved in money laundering is "forfeitable in its entirety," and in the case of improved property, it is "irrelevant whether the amount spent to improve the propert[y] is equal to the resulting increases in [its] equity value." *Miller*, 911 F.3d at 234 (citing *United States v. Kivanc*, 714 F.3d 782, 794 (4th Cir. 2013)).

14. The Defendant Property is subject to forfeiture to the United States pursuant to 18 U.S.C. § 981(a)(1)(A) because it was involved in a transaction or attempted transaction designed in whole or in part to conceal or disguise the nature, the location, the source, the ownership, or the control of the proceeds of unlawful activity—namely buying, selling, or otherwise dealing in controlled substances—in violation of 18 U.S.C. § 1956(a)(1)(B)(i) and was involved in a monetary transaction in criminally derived property exceeding $10,000, in violation of 18 U.S.C. § 1957, or is property traceable to such property.

**WHEREFORE**, the Plaintiff, the United States of America, respectfully requests that:

(i) process of forfeiture be issued against the Defendant Property;

(ii) due notice be given to all interested parties to appear and show cause why the forfeiture should not be decreed;

(iii) judgment be entered declaring the Defendant *in rem* be forfeited to the United States for disposition according to law; and

(iv) the United States be granted such other relief as this Court may deem just and proper.

Respectfully submitted,

Erek L. Barron
United States Attorney

/s/ _____
Alexander Levin
Assistant United States Attorney

## VERIFICATION

    I, Erica Maine, a Special Agent with the United States Drug Enforcement Administration, declare under penalty of perjury pursuant to 28 U.S.C. § 1746, that the foregoing Verified Complaint for Forfeiture *In Rem* is based on reports and information known to me and/or furnished to me by other law enforcement agents and that everything contained therein is trued and correct to the best of my knowledge and belief.

Date: 9/9/2024

*[signature]*
Erica Maine
*Special Agent*
*Drug Enforcement Administration*