## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| v. | : | Case No. 24-cv-02596-JRR |
| $200,159.82 in Funds held in Bank United Account #9856119377 in the Name of UT Towson, LLC | : : | |
| Defendant | : | |

...oooOooo...

### MOTION TO VACATE ORDER OF DEFAULT

COMES NOW, Defendant Vacshon Brown, by and through counsel, Tony N. Garcia, Esq., and Garcia Law, LLC, pursuant to Fed. R. Civ. P. 55(c), respectfully MOVES to vacate the order of default entered in this matter on February 7, 2025, and as cause, states:

It appearing that on September 9, 2024, the Government moved for forfeiture in rem, against $200,259.82, which proceeds belong to Mr. Vacshon Brown, and of which the Government alleges are ill gotten gain, in violation of 18 U.S.C. §1956 (money laundering). *See* Doc. 1. On January 14, 2025, the Government moved for entry of default alleging that "no person or entity has filed" a claim or answer to the complaint for forfeiture. Doc. 5.

On February 7, 2025, the Clerk of Court entered a default in this matter. Doc. 6. Notice of default was thereafter entered. Doc. 7.

**ARGUMENT**

Mr. Brown asks that the order of default be VACATED because he believed that all challenges to the forfeiture of $200,159.82, had been made by his counsel Christopher Purpura, and only recently became aware that no assertion was made on his behalf laying claim to the proceeds.

Pursuant to Fed. R. Civ. P. 55, "[t]he court may set aside an entry of default for **good cause**." *Id.* When considering whether to **vacate** an entry of default, the Court weighs six

factors: (1) whether the movant has a meritorious defense; (2) whether the movant acted with reasonable promptness; (3) whether the movant bears personal responsibility for the entry of default; (4) any prejudice to the non-moving party; (5) any history of dilatory action; and (6) the availability of lesser sanctions short of default judgment. *Williams Scotsman, Inc. v. Dryades YMCA*, 2022 U.S. Dist. LEXIS 242540, at *3 (D. Md. Apr. 26, 2022).

Here, Mr. Brown is currently detained at the Howard County Detention center and, at the time that these proceedings were instituted, Mr. Brown was represented by Mr. Christopher Purpura, Esq. Mr. Brown had good faith belief that counsel had effected a claim to his right to the seized proceeds. The seizure of these proceeds is wholly outside of the scope of any matter charged in Mr. Brown's criminal proceedings since the proceeds are derived from the sale of Mr. Brown's home.

Specifically, Mr. Brown purchased a home at 1709 E. 33rd Street, Baltimore, MD 21218, nearly 14 years ago. On March 11, 2024, Mr. Brown sold his home, and the deposits from that home were deposited in account #9856119377. There is simply no way that Mr. Bown would knowingly fail to lay claim to property that clearly belongs to him, and of which has no ties to the charged drug and money laundering offenses in his criminal matter.

Mr. Brown just recently on March 5, 2025, retained new counsel in this matter, and counsel is now getting up to speed in these proceedings. Mr. Brown is intent on defending this civil matter. *See Williams Scotsman, Inc*, at 3-4 (**granting** motion to vacate order of default, concluding that Defendant had only recently obtained "new counsel" in the matter, that he had a meritorious defense to the complaint and that new counsel moved to vacate the order "just 13 days" after entering his appearance).

WHEREFORE Mr. Brown respectfully asks that the motion be granted and that the entry of default be vacated.

Respectfully submitted,

_____/s/_____
**TONY N. GARCIA, ESQ.**
**Garcia Law, LLC**
7 Saint Paul Street, Ste 1100
Baltimore, Maryland 21202
PHONE: (410) 814-4600
tony@tngarcialaw.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on March 17, 2025, a copy of the foregoing Motion to Vacate Order of Default was filed using the CM/ECF filing system and all interested parties were served.

_____/s/_____
**TONY N. GARCIA, ESQ.**