IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | |
| *Plaintiff*, | |
| v. | Civil No.: 1:24-cv-02596-JRR |
| **$200,159.82 in Funds held in Bank United Account #9856119377 in the name of UT Towson, LLC,** | |
| *Defendant*. | |

### MEMORANDUM OPINION AND ORDER

Pending before the court is Vaschon Brown's Motion to Vacate Order of Default. (ECF No. 10; the "Motion.") The court has reviewed all papers; no hearing is necessary. Local Rule 105.6 (D. Md. 2023). For the reasons that follow, the Motion will be denied.

**I.      BACKGROUND**

This is a civil forfeiture action *in rem* brought by the United States of America ("the Government") against $200,159.82 in funds held in Bank United Account #9856119377 in the name of UT Towson, LLC dba Universal Title, Towson ("the Defendant property"), pursuant to 18 U.S.C. § 981(a)(1)(A). By its Verified Complaint for Forfeiture *In Rem*, the Government contends that the Defendant property is comprised of funds that involve "transaction or attempted transaction in violation of federal money laundering statute 18 U.S.C. § 1956, or property traceable to such property," that the Government seeks pursuant to 18 U.S.C. § 981(a)(1)(A). (ECF No. 1 ¶ 1.) No responsive pleading (claim or answer) was filed by a person claiming an interest in the Defendant property in accordance with Rule G(5) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions of the Federal Rules of Civil Procedure.

On January 14, 2025, the Government filed its request for Clerk's entry of default against the Defendant property and all persons claiming an interest therein for failure to file a timely claim, answer, or otherwise defend the action following notice. (ECF No. 5.) The Government asserted that copies of the Verified Complaint and "other pertinent documents" were sent to, *inter alia*, the Movant via certified mail on September 10, 2024. *Id.* ¶ 2. On February 7, 2025, the Clerk entered default. (ECF No. 6.)

More than a month later, on March 17, 2025, counsel entered his appearance on behalf of the Movant and filed the instant Motion.[1] (ECF Nos. 9, 10.) In his Motion, the Movant asserts "he believed that all challenges to the forfeiture of [the Defendant property] had been made by" his former counsel, and "only recently became aware that no assertion was made on his behalf laying claim to the proceeds." (ECF No. 10 at p. 1.) The Movant further claims (unsupported by any sworn statement) as follows:

> The seizure of these proceeds is wholly outside of the scope of any matter charged in Mr. Brown's criminal proceedings since the proceeds are derived from the sale of Mr. Brown's home.
>
> Specifically, Mr. Brown purchased a home at 1709 E. 33rd Street, Baltimore, MD 21218, nearly 14 years ago. On March 11, 2024, Mr. Brown sold his home, and the deposits from that home were deposited in account #9856119377.

(ECF No. 10 at p. 2.) The Government opposes the Motion. (ECF No. 11.)

II.     **ANALYSIS**

Motions arising from default in civil forfeiture actions *in rem* "are governed by Supplemental Rule G of the Supplemental Rules for Certain Admiralty and Maritime Claims and Rule 55 of the Federal Rules of Civil Procedure." *United States v. Real Prop. Located in Potomac, Maryland Commonly Known as 9908 Bentcross Drive, Potomac, MD 20854*, No. CV DKC 20-

---

[1] Counsel's entry of appearance is for "Defendant / aka Vaschon Brown." (ECF No. 9.)

2071, 2022 WL 1642272, at *2 (D. Md. May 24, 2022) (citing *United States v. $85,000 in U.S. Currency*, No. 10-cv-0371-WDQ, 2011 WL 1063295, at *1 (D. Md. Mar. 18, 2011)). "While Supplemental Rule G sets out the procedural and substantive requirements for a civil forfeiture, Rule 55 sets out the standard of review for a default." *Id.*

Under Federal Rule of Civil Procedure 55(c), the court "may set aside an entry of default for good cause." FED. R. CIV. P. 55(c). "The disposition of motions made under Rule [ ] 55(c) . . . is a matter which lies largely within the discretion of the trial judge . . . ." *Payne ex rel. Est. of Calzada v. Brake*, 439 F.3d 198, 204 (4th Cir. 2006) (quoting *Consolidated Masonry & Fireproofing, Inc. v. Wagman Constr. Corp.*, 383 F.2d 249, 251 (4th Cir. 1967)). The Fourth Circuit has "repeatedly expressed a strong preference that, as a general matter, defaults be avoided and that claims and defenses be disposed of on their merits." *Colleton Preparatory Acad., Inc. v. Hoover Universal, Inc.*, 616 F.3d 413, 417 (4th Cir. 2010); *see Saunders v. Metro. Prop. Mgmt., Inc.*, 806 F. App'x 165, 168 (4th Cir. 2020) ("[T]he law disfavors disposition by default and accords preference to resolving a case on its merits.").

The Fourth Circuit has identified six factors that district courts should consider when determining whether to set aside an entry of default: "whether the moving party has a meritorious defense, whether it acts with reasonable promptness, the personal responsibility of the defaulting party, the prejudice to the party, whether there is a history of dilatory action, and the availability of sanctions less drastic." *Payne*, 439 F.3d at 204–205. "In weighing these factors, a district court should not 'place[ ] overarching emphasis on a single *Payne* factor.'" *Old Republic Nat'l Title Ins. v. Georg*, No. CV RDB-21-0842, 2023 WL 2185777, at *3 (D. Md. Feb. 23, 2023) (citing *Colleton Preparatory Acad.*, 616 F.3d at 419).

3

The Government acknowledges that both the history of dilatory action and prejudice factors weigh in the Movant's favor, and that the less drastic sanction factor is of no weight upon the facts here. (ECF No. 11 at pp. 7–8.) The court agrees. Given the nature of this action, and the rules at issue, the court finds that the meritorious defense factor is the most persuasive here.

**A. Assertion of a Meritorious Defense**

"All that is necessary to establish the existence of a meritorious defense is a presentation or proffer of evidence, which, if believed, would permit the court to find for the defaulting party." *Armor v. Michelin Tire Corp.*, 113 F.3d 1231 at *2 (4th Cir. 1997). "The burden for proffering a meritorious defense is not onerous." *Russell v. Krowne*, No. CIV.A. DKC 08-2468, 2013 WL 66620, at *2 (D. Md. Jan. 3, 2013) (citing cases). As this court has explained,

> "[A]ll that is necessary to satisfy the meritorious defense requirement is to allege sufficient facts that, if true, would constitute a defense." *United States v. Signed Pers. Check No. 730 of Yubran S. Mesle*, 615 F.3d 1085, 1094 (9th Cir. 2010). "The question of whether the factual allegation[s] [are] true is not to be determined by the court when it decides the motion to set aside the default. Rather, that question would be the subject of the later litigation." *Mesle*, 615 F.3d at 1094

*Old Republic Nat'l Title Ins. v. Georg*, No. CV RDB-21-842, 2023 WL 3763976, at *7 (D. Md. June 1, 2023); *see Russell*, 2013 WL 66620, at *2 (same). "Although conclusive proof is not required, neither is 'a bare allegation of a meritorious defense' sufficient." *H & W Fresh Seafoods, Inc. v. Schulman*, 200 F.R.D. 248, 253–54 (D. Md. 2000) (quoting *Consol. Masonry & Fireproofing, Inc. v. Wagman Const. Corp.*, 383 F.2d 249, 252 (4th Cir. 1967)).

While a generous reading of the Motion may allow the court to infer that the Movant has asserted a defense (albeit unsupported) to the merits of this action—that the funds at issue are from the sale of his home "which has no ties to the charged drug and money laundering offenses" in his criminal trial, *see* ECF No. 10 at p. 2—he has still failed to file a claim or answer in response to

the instant action pursuant to Supplemental Rule G(5). *See also* 18 U.S.C. § 983(a)(4) (requiring that "[i]n any case in which the Government files in the appropriate United States district court a complaint for forfeiture of property, any person claiming an interest in the seized property may file a claim asserting such person's interest in the property in the manner set forth in the Supplemental Rules for Certain Admiralty and Maritime Claims," and "[a] person asserting an interest in seized property . . . shall file an answer to the Government's complaint for forfeiture not later than 20 days after the date of the filing of the claim"). This failure has persisted even where the Government argued as such in its opposition. (ECF No. 11.)

Relevant here, Supplemental Rule G(5) requires:

> (i) A person who asserts an interest in the defendant property may contest the forfeiture by filing a claim in the court where the action is pending. The claim must:
>
> (A) identify the specific property claimed;
>
> (B) identify the claimant and state the claimant's interest in the property;
>
> (C) be signed by the claimant under penalty of perjury; and
>
> (D) be served on the government attorney designated under Rule G(4)(a)(ii)(C) or (b)(ii)(D).

FED. R. CIV P., SUPP. R. G(5)(a). Relatedly, "[a] claimant must serve and file an answer to the complaint or a motion under Rule 12 within 21 days after filing the claim. A claimant waives an objection to in rem jurisdiction or to venue if the objection is not made by motion or stated in the answer." FED. R. CIV P., SUPP. R. G (5)(b).

"These requirements must be strictly enforced." *United States v. $25,790 U.S. Currency*, No. CIV.A. AW-09-3283, 2010 WL 2671754, at *2 (D. Md. July 2, 2010). Indeed, this court has previously recognized that the failure of a potential claimant to file "a claim and an answer in a

5

timely manner and under the proper procedures set forth in the Supplemental Rules," results in a lack of "statutory standing to assert his or her claim." *United States v. $25,790 U.S. Currency*, No. CIV.A. AW-09-3283, 2010 WL 2671754, at *2 (D. Md. July 2, 2010) (first citing *United States v. $487,825.00,* 484 F.3d 662, 665–66 (3d Cir. 2007); next citing *United States v. $5,730.00 in U.S. Currency,* 109 F. App'x 712, 714 (6th Cir. 2004)); *see United States v. Approximately 548.22 Pounds of Hemp*, No. 321CV00267FDWDCK, 2022 WL 412714, at *2 (W.D.N.C. Feb. 9, 2022) (same). "Statutory standing relates to a claimant's ability to show that he has satisfied whatever statutory requirements Congress has imposed for contesting a civil forfeiture action in federal court." *United States v. $115,413.00 in U.S. Currency*, 770 F. Supp. 3d 862, 871–72 (E.D.N.C. 2025) (citation modified).

Notwithstanding the foregoing, the Movant seeks to vacate default without filing any claim or answer, instead relying on his conclusory and unsupported assertion that the Defendant property is unrelated to the charged criminal offenses. The Movant has persisted with such practice despite the Government's opposition. Where the Movant has failed to comply with the requisite procedural rules to demonstrate statutory standing to file a claim or answer as to this action, he has plainly failed to assert, let alone shown, a meritorious defense.[2] The Movant has made no effort to cure his previous default. Upon such circumstances, the Movant has failed to demonstrate that vacatur of the default is warranted.

---

[2] Given the nature of the case, and the Movant's failure to file a necessary claim or answer, the court finds this factor to be the most persuasive here. However, the court's consideration of personal responsibility would also, for similar reasons, weigh against granting the Motion. "In considering personal responsibility, district courts in the Fourth Circuit have found that default judgment 'is reserved only for cases where the party's noncompliance represents bad faith or complete disregard for the mandates of procedure and the authority of the trial court.'" *Timilon Corp. v. Empowerment Just. Ctr. Corp.*, 738 F. Supp. 3d 669, 682 (2024) (quoting *First Am. Fin. Corp. v. Homefree USA, Inc.*, No. 1:12-cv-02888-ELH, 2013 WL 2902856, at *4 (D. Md. June 12, 2013), *report and recommendation adopted*, 2013 WL 6080178 (D. Md. July 8, 2013)). The Movant's refusal to comply with the procedure requirements at issue weighs against vacating default.

### III. CONCLUSION AND ORDER

While the court is cognizant of the Fourth Circuit's preference that cases be resolved on their merits, such a preference does not relieve a moving party, much less one represented by counsel, of his burden in seeking relief. Accordingly, for the reasons set forth above, it is this 24th day of June 2025,

**ORDERED** that the Motion (ECF No. 10) shall be, and is hereby, **DENIED**.

/s/
Julie R. Rubin
United States District Judge